■ In the Matter of the Claim of BARBARA A. MANSFIELD, Respondent, v. GENERAL ADJUSTMENT BUREAU et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board which made an award to the claimant. The claimant's deceased husband was a claims adjuster assigned to the employer's Brooklyn office which serviced claims for the Borough of Brooklyn. The decedent had been furnished with a company car for his field work and he paid $5 per month for the privilege of using it for personal reasons. The decedent performed part of his work at the office, part by visiting premises in the Brooklyn area and partly at home. On October 4, 1963 the decedent went to the office at 9:00 A.M. and after office hours he attended a party held at a restaurant in Queens Village in honor of two co-employees who had been transferred from the Brooklyn office. The dinner apparently ended at about 11:00 P.M. at which time he called his wife and told her he was staying on with " two fellows". At 3:55 A.M. on October 5, 1963 while evidently on his way home, his automobile left the highway and struck a pole. He died on October 14, 1963 as a result of this accident. The board found that the decedent was an outside worker and as

such was entitled to coverage until he returned home and since he was on the direct route home the accident arose out of and in the course of employment. The appellants have not shown any personal activity which was the probable cause of the accident. The travel to and from decedent's home was ordinarily in the course of his employment and the board properly found that he was on his way home. The board was not on this record required "from the mere unexplained lapse of time" to "infer that the accidental death was occasioned by decedent's deviation from the employment for personal indulgence or gratification in such degree as to require the conclusions that decedent never re-entered the employment and that the supposed personal acts prior to his departure from [the restaurant] * * * caused his accidental death". (*Matter of Church* v. *Worthington Corp.*, 12 A D 2d 571, 572.) The issue involved is factual and we cannot say as a matter of law that the board erred. (See *Matter of Durkee* v. *Atlantic Refining Co.*, 27 A D 2d 773; *Matter of Naples* v. *Viandvende Corp.*, 27 A D 2d 772.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in a memorandum decision by Herlihy, J.